By the Court,

Savage, Ch. J.
On the part of the plaintiff, it is contended that the judgment in partition is void for want of jurisdiction in the court, the requirements of the statute not having been complied with ; and on the part of the defendants, it is insisted that it is conclusive until reversed or set aside ; that it cannot be attacked collaterally, and that the defendants, being bona fide purchasers, are entitled to protection.
*That a judgment is conclusive upon parties and privies is a proposition not to be denied; but if a court has acted without jurisdiction, the proceeding is void ; and if this appears upon the face of the record, the whole is a nullity. In Borden v. Fitch, 15 Johns. R. 141, Chief Justice Thompson says, “ To give any binding effect to a judgment, it is essential that the court should have jurisdiction of the person and the subject matter ; and the want of jurisdiction is a matter that may always be set up against a judgment, when sought to be enforced, or when any benefit is claimed under it; the want of jurisdiction makes it utterly void and unavailable for any purpose.” And in Mills v. Martin, 19 Johns. R. 33, Ch. J. Spencer observes, “ No law *654 yer will controvert the position, that to uphold and give validity to the proceedings of a court, it must have jurisdiction of the person of the defendant, and of the cause; this principle is applicable to all courts, from the highest to the lowest.”
With respect to the proceedings in partition, now the subject of consideration, there can be no doubt that the court in which the judgment was rendered had jurisdiction of the subject of partition; but to authorize a judgment of partition, the parties must be before the court, or it must be shown to the court that some of them are unknown; and this must appear by the record, where the proceeding is against owners unknown; it is a proceeding in rem, and nothing is to be taken by intendment; there is avowedly nothing like personal notice to the parties interested as defendants; they are not even named; and the right of the plaintiffs in such cases depends entirely upon the fact to be proved to the court by affidavit, that the owners are unknown. The record states that in January term, 1821, the plaintiffs presented their petition in partition setting it out; the plaintiffs state their own interest in the premises, and proceed as follows: “And your petitioners further state and show to your honors, that they are ignorant of the names, rights or titles of the owners or proprietors of the residue of the two several lots, pieces or parcels of land, with their appurtenances, and cannot therefore state the same to this honorable court,” and pray that the premises may be divided. The record then *states that at the next May term, “until which day the said parties unknown had leave to imparle and then to answer the same,” &c. the plaintiffs appear by their attorney, “ and the parties unknown, though solemnly demanded, come not, but make default,” &c. Judgment that partition be made is then entered, and commissioners appointed. The statute gives the court no jurisdiction to take any step against unknown owners, until notice has been published according to the statute. Should not the record, therefore, show that it had been made to appear to the court by affidavit, that the owners were unknown to the plaintiffs, and that such notice as the statute requires in such cases had actually been given 1 Suppose a judgment record is produced, in which the plaintiff declares upon a promissory note, and the record does not show that the defendant is in custody, or has been served with process, or a copy of the declaration, and yet the court render judgment by default; would not such a record be an absolute nullity 1 The record produced proves nothing which could authorize the court to enter a judgment against unknown owners, by which they were to be divested of their property.
In my opinion the judge decided correctly, and the plaintiff is entitled to judgment.